UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O' JS-6

| Case No. | 2:20-CV-11630-CAS (KSx) | Date | July 11, 2022 |
|---|---|---|---|
| Title | GLOBE ENTERTAINMENT AND MEDIA, CORP. V. GLOBAL IMAGES USA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
Mishelle Moeller
Klause Moeller
Adam Zaffos

Attorneys Present for Defendants:
Not Present

**Proceedings:** MOTION FOR DEFAULT JUDGMENT (Dkt. 24, filed on May 15, 2022)

## I. INTRODUCTION

On December 24, 2020, plaintiff Globe Entertainment & Media, Corp. filed suit against defendant Global Images USA, business form unknown, and Does 1 through 10, inclusive. See dkt. 1 ("Compl."). The complaint alleges claims for (1) copyright infringement, and (2) unfair competition in violation of the California Business and Professions Code Section 17200, et seq., and California common law. Id. at 1, 8.

On April 21, 2021, plaintiff filed an ex parte application for an order permitting it to serve defendant through the California Secretary of State. Dkt. 11. On April 23, 2021, this Court granted plaintiff's application, finding that plaintiff showed that process could not be served on the defendant with reasonable diligence. Dkt. 12. On April 28, 2021, plaintiff served the complaint on defendant. Dkt. 13. Defendant has neither answered nor in any way responded to plaintiff's complaint. Dkt. 14 at 1.

On June 17, 2021, plaintiff requested the Clerk of Court enter default against defendant pursuant to Federal Rule of Civil Procedure 55. Fed. R. Civ. P. 55(a); id. Pursuant to plaintiff's request, the Clerk entered default on June 17, 2021. Dkt. 15.

On March 10, 2022, the Court ordered plaintiff to show cause in writing no later than March 31, 2022 why the action should not be dismissed for lack of prosecution as to defendant. Dkt. 16. On April 22, 2022, the Court dismissed the action without prejudice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　'O'　JS-6

| Case No. | 2:20-CV-11630-CAS (KSx) | Date | July 11, 2022 |
|---|---|---|---|
| Title | GLOBE ENTERTAINMENT AND MEDIA, CORP. V. GLOBAL IMAGES USA | | |

for plaintiff's failure to comply with the Local Rules, the Federal Rules of Civil Procedure, and the Court's March 10, 2022 order to show cause. Dkt. 17.

On April 26, 2022, plaintiff filed a request to reinstate the action and reopen the case following dismissal. Dkt. 19. On April 27, 2022, the Court granted plaintiff's request, finding that plaintiff had shown good cause to reinstate the instant action and reopen the case. Id.

On May 12, 2022, plaintiff filed a motion for the entry of default judgment by the Court pursuant to Federal Rule of Civil Procedure 55(b)(2). Fed. R. Civ. P. 55(b)(2); Dkt. 24 ("Mot. for Default J."). Plaintiff served defendant with the motion for default judgment on May 12, 2022 by mail. Mot. for Default J. at 7:7-12. On July 11, 2022, the Court held a hearing. Counsel for plaintiffs was present.

Plaintiff's motion is presently before the Court. Having carefully considered plaintiff's arguments and submissions, the Court finds and concludes as follows.

## II.　BACKGROUND

Plaintiff and its predecessors[1] hold the exclusive rights to more than 2,000 images produced by the American photographer Frank Worth. Compl. ¶ 1; Mot. for Default J. at 5:9-16. Worth "befriended and photographed many Hollywood actors and actresses between 1939 and 1964," and his "unique" photographs of such celebrities are "sought after and valuable." Compl. ¶¶ 1-2. Plaintiff acquired the copyrights to Worth's images from Worth's estate on or about November 18, 2011. Id. ¶ 3. Plaintiff has sold limited edition prints of Worth's images since it obtained the copyrights. Id. ¶ 4.

Plaintiff alleges that defendant is infringing plaintiff's copyrights by selling Frank Worth photographs without a valid license or permission at a gallery in the W Hotel, located in Hollywood, and on a website, globalimages.art. Id. ¶ 5. Plaintiff alleges that

---

[1] Plaintiff identifies its predecessors as Globe Photos, Inc. and Capital Art, Inc. Compl. ¶ 1. On July 6, 2022, plaintiff filed a supplemental declaration, noting that on June 28, 2022, the United State Copyright Office recorded the assignment of the Frank Worth copyrights from Globe Photos, Inc. to Globe Entertainment and Media. Dkt. 28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'  JS-6

| Case No. | 2:20-CV-11630-CAS (KSx) | Date | July 11, 2022 |
|---|---|---|---|
| Title | GLOBE ENTERTAINMENT AND MEDIA, CORP. V. GLOBAL IMAGES USA | | |

the unauthorized sales continued after plaintiff sent defendant two cease-and-desist letters.  Id. ¶ 7; Mot. for Default J. at 9:10-24.  Defendant failed to respond to the letters.  Mot. for Default J. at 9:13-14, 10:1-2.  Further, defendant refused to provide plaintiff with an accounting of the Frank Worth images that it has sold.  Compl. ¶ 7.

On or about February 16, 2022, plaintiff's counsel was notified by counsel in a separate action against defendant's owner, Matt Wiltsey, that a "break-the-lock order" had been obtained against Wiltsey and that, pursuant to the order, the Beverly Hills Police Department confiscated the inventory in defendant's gallery at the W Hotel.  Mot. for Default J. at 10:3-8.  As of May 12, 2022, the date of plaintiff's motion for default judgment, thirteen "unlicensed, copyright infringing Frank Worth photographs" confiscated at the W Hotel gallery are scheduled to be released to plaintiff on May 17, 2022.  Id. at 10:13-16.  Also as of the date of this filing, plaintiff alleges defendant's website has "exact copies of 120 of the copyrighted Frank Worth images listed for sale on its website."  Id. at 9:6-9; see also id. Exs. K, L.

### III.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment.  Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment."  Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).  Granting or denying a motion for default judgment is a matter within the court's discretion.  Elektra Entm't Grp., Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Ent. Inc. v. Elias, No. CV03-6387DT(RCX), 2004 WL 141959, at *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:20-CV-11630-CAS (KSx) | Date | July 11, 2022 |
|---|---|---|---|
| Title | GLOBE ENTERTAINMENT AND MEDIA, CORP. V. GLOBAL IMAGES USA | | |

the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

"Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1 and 55-2." Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Accordingly, when an applicant seeks a default judgment from the Court, the movant must submit a declaration specifying: "(a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) That notice has been served on the defaulting party, if required by [Federal Rule of Civil Procedure] 55(b)(2)." See C.D. Cal. L.R. 55-1. Under Local Rule 55-2, "where an application for default judgment seeks unliquidated damages, the party seeking entry of the default judgment is obligated to serve notice of the application on the defaulting party regardless of whether the latter has appeared in the action." Halicki v. Monfort, No. 2:08-cv-00351-PSG-JTL, 2009 WL 10672966, at *2 (C.D. Cal. Nov. 19, 2009) (citing C.D. Cal. L.R. 55-2).

### IV. DISCUSSION

#### A. Procedural Requirements

To satisfy the procedural requirements for entry of default judgment, the plaintiff must follow the "requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1 and 55-2." Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). In the present case, in connection with its motion for default judgment, plaintiff submitted a declaration attesting that: (a) on June 17, 2022, the Clerk entered default against defendant after defendant failed to respond to the complaint; (b) defendant is neither an infant nor an incompetent person; (c) defendant is not in military services or otherwise exempted under the Servicemembers Civil Relief Act; and (d) defendant was served by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:20-CV-11630-CAS (KSx) | Date | July 11, 2022 |
| Title | GLOBE ENTERTAINMENT AND MEDIA, CORP. V. GLOBAL IMAGES USA | | |

mail with a copy of the Clerk's entry of default and a copy of the updated motion for default judgment on May 12, 2022.  Dkt. 24–1 ("Decl. of Adam Zaffos") ¶¶ 15, 21–22.

Accordingly, plaintiff has satisfied the procedural requirement for entry of default judgment under the Federal and Local Rules, and the Court proceeds to the merits of its motion.[2]

### B.     Application of the Eitel Factors

#### 1.     Risk of Prejudice to Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered.  PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471–72.  Here, defendant has not participated in the action to date, and plaintiff will therefore be prejudiced if default judgment is not entered in its favor.  See PepsiCo, 238 F. Supp. 2d at 1175 (finding courts favor entry of default judgment when, absent entry of default judgment, plaintiffs "will likely be without other recourse for recovery").

Accordingly, the first Eitel factor weighs in favor of entering default judgment for plaintiff.

#### 2.     Sufficiency of the Complaint and the Likelihood of Success on the Merits

Courts often consider the second and third Eitel factors together.  See PepsiCo, 238 F. Supp. 2d at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013).  The

---

[2] In its complaint, plaintiff brings two causes of action: (1) Copyright infringement and (2) unlawful, unfair, or fraudulent business acts of unfair competition in violation of §§17200, et seq. Compl. ¶ 19-24, 26-28.  However, plaintiff does not address the unfair business practices claim in its motion for default judgement, nor does it cite to any cases supporting its unfair business practices claim.  See generally Mot. for Default J.  And plaintiff does not appear to seek any recovery based on its unfair business practices claim.  Id. at 16-24.  Accordingly, the Court does not address plaintiff's unfair business practices claim in this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'   JS-6** |
| Case No. | 2:20-CV-11630-CAS (KSx) | Date | July 11, 2022 |
| Title | GLOBE ENTERTAINMENT AND MEDIA, CORP. V. GLOBAL IMAGES USA | | |

second and third Eitel factors assess the substantive merits of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." PepsiCo, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover). For the purposes of default judgment, all well-pleaded allegations in the complaint, except those relating to damages, are assumed to be true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

To prevail on a claim of copyright infringement, a plaintiff must establish: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Great Minds v. Office Depot, Inc., 945 F.3d 1106, 1110 (9th Cir. 2019). "'Copying,' in turn, is said to be shown by circumstantial evidence of access to the copyrighted work and substantial similarity between the copyrighted work and defendant's work." Curtis v. General Dynamics Corp., No. C89-566S, 1990 WL 302725, at *7 (W.D. Wash. Sept. 26, 1990). Where there are "striking" similarities between the defendant's work and the copyrighted work, "access will be inferred." See Bernal v. Paradigm Talent and Literary Agency, 788 F.Supp.2d 1043, 1052 (C.D. Cal. 2010).

Here, plaintiff sufficiently alleges the elements of a copyright infringement claim. First, plaintiff alleges that it is the holder of the exclusive rights to the Frank Worth images sold at defendant's gallery in the W Hotel and on its website, globalimages.art. Compl. ¶ 2-5. Second, plaintiff alleges that the photographs sold by the defendant are "exact copies" of the plaintiff's copyrighted images. Mot. for Default J. at 12:28; Compl. ¶ 5. A photograph that is a "virtually exact copy" is more than merely "strikingly similar," and thus access can be inferred. See Playboy Enters., Inc. v. Starware Publ'g Corp., 900 F. Supp. 433, 437 (S.D. Fla. 1995). These allegations are sufficient to satisfy the second and third Eitel factors. See Sportswire v. Chat Sports, Inc., No. 2:21-cv-00098, 2021 WL 2354508, at *3 (C.D. Cal. June 7, 2021) (awarding default judgment to plaintiff that alleged copyright infringement against defendant that published plaintiff's photograph on defendant's website for commercial gain).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'  JS-6

| Case No. | 2:20-CV-11630-CAS (KSx) | Date | July 11, 2022 |
|---|---|---|---|
| Title | GLOBE ENTERTAINMENT AND MEDIA, CORP. V. GLOBAL IMAGES USA | | |

Accordingly, the second and third factors weigh in favor of granting the motion for default judgment.

> 3.  Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see also Eitel, 782 F.2d at 1471–72. "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." United States v. Broaster Kitchen, Inc., No. 2:14-cv-09421-MMM-PJW, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); see also Walters v. Statewide Concrete Barrier, Inc., No. 3:04-cv-02559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

Here, plaintiff seeks statutory damages under 17 U.S.C. §504(c)(2) for each infringed work. Mot. for Default J. at 16:18-19. The statute provides that a copyright owner "may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work." 17 U.S.C. §504(c)(1). A plaintiff that elects to recover an award of statutory damages may recover between $750 and $30,000 for each work infringed, and up to $150,000 for each work infringed, if the court finds that the infringement was committed "willfully." Id. §§504(c)(1), (2).

As discussed below, the Court finds that an appropriate award in this case is $30,000 per infringed work. See discussion of relief infra at 10-14. This amount is well within the court's "wide discretion in determining the amount of statutory damages to be awarded," which is "constrained only by the specified maxima and minima." See Jackson v. Sturkie, 255 F. Supp. 2d 1096, 1101-02 (N.D. Cal. 2003) (quoting Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984) (awarding statutory damages on default judgment to plaintiff alleging copyright infringement). Moreover, the amount to be awarded appropriately takes into consideration the harm caused by the defendant's actions, given that it represents a figure well within the range that Congress has prescribed for willful violations of the Copyright Act. See 17 U.S.C. §504(c)(2); Corson v. Atherton, No. 2:18-cv-01304, 2020 WL 2404915, at *3 (C.D. Cal. May 11, 2020) (citing Loiseau v. Reel Network LLC, No. 2:17-cv-08998, 2018 WL 6039834, at *3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'  JS-6

| Case No. | 2:20-CV-11630-CAS (KSx) | Date | July 11, 2022 |
|---|---|---|---|
| Title | GLOBE ENTERTAINMENT AND MEDIA, CORP. V. GLOBAL IMAGES USA | | |

(C.D. Cal. July 26, 2018)) (finding that the fourth Eitel factor weighed in favor of entry of default judgment where plaintiff sought $30,000 in statutory fees).

Accordingly, the fourth Eitel factor weighs in favor of entry of default judgment.

### 4. Possibility of a Dispute Concerning a Material Fact

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." PepsiCo, 238 F. Supp. 2d at 1177.

Here, plaintiff "filed a well-pleaded complaint alleging the facts necessary to establish its claims, and the court clerk entered default against" defendant. Philip Morris USA, Inc. v. Castworld Prod. Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). Accordingly, "no dispute has been raised regarding the material averment of the complaint, and the likelihood that any genuine issue may exist is, at best, remote." Id.; see Elektra, 226 F.R.D. at 393.

Accordingly, the fifth factor weights in favor of granting the motion for default judgment.

### 5. Possibility of Excusable Neglect

The sixth Eitel factor considers whether the defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72.

Here, the possibility of excusable neglect is remote. Plaintiff served the complaint on defendant by serving the Secretary of State on April 28, 2021. Dkt. 13. Plaintiff's service of the California Secretary of State is evidenced by the proof of service and summons. Id. Defendant has neither answered nor in any way responded to plaintiff's complaint. Dkt. 14 at 1. Moreover, plaintiff served defendant with the motion for default judgment on May 12, 2022 by mail. Mot. for Default J. at 7:7-12. Where a defendant "[is] properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," there is little possibility of excusable neglect.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:20-CV-11630-CAS (KSx) | Date | July 11, 2022 |
|---|---|---|---|
| Title | GLOBE ENTERTAINMENT AND MEDIA, CORP. V. GLOBAL IMAGES USA | | |

Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

Accordingly, the sixth factor favors entry of default judgment.

6.  Policy Favoring Decisions on the Merits

Under the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472. Of course, "this preference, standing alone, is not dispositive." PepsiCo, 238 F. Supp. 2d at 1177 (citation omitted). A party's failure to answer or appear makes a decision on the merits impractical, if not impossible. Id. "Notwithstanding the strong policy presumption in favor of a decision on the merits, where a defendant's failure to appear and respond 'makes a decision on the merits impractical, if not impossible,' default judgment is appropriate." Constr. Laborers Tr. Funds for S. Cal. Admin. Co. v. Black Diamond Contracting Grp., Inc., No. S8:17-cv-00770-JLSDFM, 2017 WL 6496434, at *5 (C.D. Cal. Dec. 18, 2017). Thus, defendant's failure to appear or otherwise respond makes a decision on the merits in this case "impractical, if not impossible." Id.

Accordingly, the seventh factor does not preclude entry of default judgment.

7.  Conclusion Regarding Eitel Factors

Apart from the policy favoring decisions on the merits, all the remaining Eitel factors weigh in favor of default judgment on plaintiff's copyright infringement claim, including the merits of plaintiff's claims. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citation omitted). Therefore, weighing all the Eitel factors, the Court finds that entry of default judgment against defendant with respect to plaintiff's copyright infringement claim is appropriate.

**C.  Relief Sought by Plaintiffs**

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (quotation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:20-CV-11630-CAS (KSx) | Date | July 11, 2022 |
|---|---|---|---|
| Title | GLOBE ENTERTAINMENT AND MEDIA, CORP. V. GLOBAL IMAGES USA | | |

marks omitted). The "[p]laintiff has the burden of proving damages through testimony or written affidavit." See Bd. of Trustees of the Boilermaker Vacation Tr. v. Skelly, Inc., 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). Moreover, the movant seeking default judgment must prove the damages sought, and although the Court may hold an evidentiary hearing to determine the amount of damages, no hearing is necessary "if the amount of damages can be determined from definite figures contained in the documentary evidence or in detailed affidavits." Bravado Int'l Grp. Merch. Servs., Inc. v. Quintero, No. 2:13-cv-00693-SVW-SS, 2013 WL 12126750, at *4 (C.D. Cal. Nov. 27, 2013) (citation omitted).

Here, plaintiff seeks (1) statutory damages, (2) a permanent injunction against the defendant, (3) $1,037.67 in litigation costs incurred, and (4) attorney's fees in the amount of $5,600 plus two percent of the amount of the judgment. Mot. for Default J. at 18, 21-24.

Plaintiff asks the Court to award statutory damages in the amount the Court "deems appropriate" given defendant's "malicious and willful violation" of plaintiff's rights under the Copyright Act, and to "deter other such bad actors from engaging in similar activity." Id. at 19:3-8. "In determining the appropriate amount of statutory damages, the court should be guided by what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement, and the like." Jackson v. Sturkie, 255 F. Supp. 2d at 1102 (citation and quotation marks omitted). The court has "wide discretion" in determining the amount of statutory damages within the statutory range of $750 to $30,000 per infringement. Id. at 1101. The statutory cap is $150,000 per infringement where the infringement is willful. Id.; 17 USC § 504(c)(2).

Here, the Court finds that the infringements at issue were willful. A finding of willfulness is supported where the defendant has continued to infringe after being informed it was infringing, such as by a cease-and-desist letter. See Dolman v. Agee, 157 F.3d 708, 714-715 (9th Cir. 1998); Microsoft Corp. v. McGee, 490 F. Supp. 2d 874, 880 (S.D. Ohio 2007). "Where the defendant has defaulted, willful copyright infringement is proven." Microsoft Corp., 490 F. Supp. 2d at 880.

Plaintiff has provided evidence that it sent two cease-and-desist letters to the defendant concerning the copyrighted images. See dkt. 24-3, Exs. A, M. The cease-and-desist letters are dated December 21, 2018, id. Ex. M, and August 17, 2020, id. Ex A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL    'O'  JS-6

| Case No. | 2:20-CV-11630-CAS (KSx) | Date | July 11, 2022 |
|---|---|---|---|
| Title | GLOBE ENTERTAINMENT AND MEDIA, CORP. V. GLOBAL IMAGES USA | | |

Plaintiff has provided evidence that the Beverly Hills Police Department confiscated thirteen unlicensed, copyright infringing photographs from defendant's gallery at the W Hotel in early 2022.  See dkt. 24-1 Ex. D.  Plaintiff has also provided evidence that defendant had copies of copyrighted Frank Worth images listed for sale on its website, globalimages.art, as of April 27, 2022.  See dkt. 24-3 Exs. K, L.  Given that the defendant has defaulted in this action and that it continues to infringe the copyrighted works after receiving notice that it was infringing, the Court finds that a determination of willfulness is appropriate.

Moreover, the defendant's failure to participate in this action has made a determination of plaintiff's actual damages impossible.  See Curet-Velàzquez v. ACEMLA De P.R., Inc., 656 F.3d 47, 52 (1st Cir. 2011) (upholding the award of $30,000 for each of four infringements).  And there is no requirement that statutory damages be tied to proven amount of actual damages.  See F. W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228 (1952).  Here, given the nature of the infringements at issue, the Court finds that an award of $30,000 per infringement is appropriate.  See Sportswire, 2021 WL 2354508, at *3 (awarding $30,000 to plaintiff alleging one claim of copyright infringement of a photograph); Corson v. Atherton, No. 2:18-cv-01304, 2020 WL 2404915 (C.D. Cal. May 11, 2020) (same); Loiseau, 2018 WL 6039834, at *3 (same).

Plaintiff alleges a total of 133 infringements in its complaint, composed of thirteen photographs confiscated from defendant's gallery at the W Hotel and 120 photographs available for sale on defendant's website, globalimages.art.[3]  Mot. for Default J. at 16:11-14.  The relevant section of the Copyright Act permits statutory damages "for all infringements involved in the action, with respect to any one work."  17 U.S.C. 504(c)(1).  Where a defendant is liable for infringing multiple photographs, each photograph may be

---

[3] In plaintiff's motion for default judgment, plaintiff alleges a total of 133 infringements. However, because the record is unclear as to the amount of infringements, during the July 11, 2022 hearing, plaintiff clarified that currently it can provide evidence of a total of 116 infringing works, including photographs confiscated from defendant's gallery and photographs currently available on defendant's website.  Accordingly, based on plaintiff's statement during oral argument, the Court finds defendant liable for 116 infringing works.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'   JS-6

| Case No. | 2:20-CV-11630-CAS (KSx) | Date | July 11, 2022 |
|---|---|---|---|
| Title | GLOBE ENTERTAINMENT AND MEDIA, CORP. V. GLOBAL IMAGES USA | | |

its own "work" for the purposes of Section 504(c)(1). See Playboy Enters. Inc. v. Sanfilippo, No. 97-0670-IEG, 1998 WL 207865 (S.D. Cal. March 25, 1998) (awarding the plaintiff $500 for each of 7,475 infringed images given that each image had "independent economic value," was "viable on its own," and that "defendant marketed each one of these images separately." (citation and quotation marks omitted)). Because plaintiff has provided evidence of 116 independent infringing works, the Court finds statutory damages in the amount of $3,480,000—$30,000 times 116 works—appropriate here.

Next, plaintiff seeks recovery of costs of $1,037.67 "in litigation costs it incurred in this case." Under the local rules, the "'prevailing party' is entitled to costs." C.D. Cal. L.R. 54-1. The Court finds an award of $1,037.67 in costs to be reasonable.

Plaintiff also seeks attorneys' fees in the amount of $5,600 plus two percent of the amount of the judgment. Under the local rules, a party awarded more than $100,000 may recover $5,600 plus two percent of the judgment amount over $100,000 if an "applicable statute provides for the recovery of reasonable attorneys' fees." C.D. Cal. L.R. 55-3. Under the Copyright Act, the court has discretion to award "a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. §505. The Court concludes that $5,600 plus two percent of the judgment amount over $100,000 is reasonable. See Loiseau, 2018 WL 6039834 at *4 (finding that an award of attorneys' fees in line with the attorneys' fee award schedule was reasonable).

Finally, plaintiff seeks a permanent injunction against defendant's use and sale of the Frank Worth photographs that infringe plaintiff's copyrights. "In a copyright infringement action, a court may grant an injunction to 'prevent or restrain infringement of a copyright.' 17 USC § 502(a). 'Generally, a showing of copyright infringement liability and the threat of future violations is sufficient to warrant a permanent injunction.'" See Jackson v. Sturkie, 255 F. Supp. 2d at 1103 (quoting Sega Enters. Ltd. v. MAPHIA, 948 F. Supp. 923. 940 (N.D. Cal. 1996)). Here, the Court finds a permanent injunction is appropriate. Defendant has continued to infringe plaintiff's copyrights despite receiving two cease-and-desist letters and being sued in this action. Mot. for Default J. at 22:21-28. Defendant's actions suggest that the threat of future violations is high. Moreover, "defendant's lack of participation in this litigation has given the court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:20-CV-11630-CAS (KSx) | Date | July 11, 2022 |
|---|---|---|---|
| Title | GLOBE ENTERTAINMENT AND MEDIA, CORP. V. GLOBAL IMAGES USA | | |

no assurance that defendant's infringing activity will cease." Jackson v. Sturkie, 255 F. Supp. 2d at 1103.

Accordingly, this Court finds that plaintiff is entitled to a permanent injunction barring defendant from engaging in further acts of copyright infringement of plaintiff's images, including but not limited to being enjoined from using copyrighted Frank Worth images on its website and selling copyrighted Frank Worth images in any manner.

**V.   CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion for default judgment. The Court awards plaintiff $3,480,000 in statutory damages. Further, the Court **GRANTS** plaintiff's request for $1,037.67 in costs plus attorneys' fees of $73,200.[4]

IT IS SO ORDERED.

|  | 00 : 05 |
|---|---|
| Initials of Preparer | CMJ |

---

[4] Attorneys' fees are calculated under Local Rule 55-3 as follows: $5,600 plus two percent of the judgment amount over $100,000. [($3,480,000 - $100,000) X .02] + $5,600 = $73,200.